# Third District Court of Appeal

## State of Florida

Opinion filed July 13, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1524
Lower Tribunal No. 19-3917
_____

**Saul Sierra, etc.,**
Appellant,

vs.

**David Sierra,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rosa C. Figarola, Judge.

Campbell Legal Group PLLC, and Debbie R. Campbell, for appellant.

Weissman & Dervishi, P.A., and John R. Borgo and Brian S. Dervishi, for appellee.

Before MILLER, GORDO and BOKOR, JJ.

BOKOR, J.

Saul Sierra appeals the trial court's order granting David Sierra's motion to strike petition and denial of a motion for reconsideration of same. The gravamen of the issue on appeal is that the trial court improvidently excluded real property from the probate estate. Before we get to the orders on appeal here,[1] we provide background relating to an abandoned and dismissed prior appeal in this case.

Prior to this appeal, Saul appealed to this court the trial court's December 2, 2019 order granting a motion for sanctions. In granting the motion for sanctions, the trial court found "[t]hat the inclusion of the property . . . was not supported by material facts necessary to establish the inclusion of the real property in the Petition for Administration, is frivolous, has no merit and is without any legal basis whatsoever . . . ." That December 2, 2019 order granting a motion for sanctions, and the January 23, 2020 order denying reconsideration of same, were appealed to this court in Case No. 3D20-248. The appeal in 3D20-248 was dismissed on March 10, 2020 for Appellant's failure to comply with this court's orders.

---

[1] Appellant's notice of appeal seeks review of a December 2, 2019 order granting a motion to strike reference to certain real property (excluded from the probate estate pursuant to the order granting the motion for sanctions, which is not on appeal here) and a October 7, 2020 order denying reconsideration of same.

2

We take no position on the merits or jurisdictional basis for that dismissed appeal. Specifically, we do not determine here whether such appeal "determine[d] an estate's interest in any property" pursuant to Florida Rule of Appellate Procedure 9.170(b)(12). What is clear, however, is that the instant appeal doesn't appeal any order that determines an estate's interest in any property. Rather, the orders on appeal merely implement the determination made in the order granting the motion for sanctions, which was appealed through the prior, dismissed appeal. The instant appeal, therefore, appears to be an impermissible attempt at a piecemeal, second bite at the apple, seeking to litigate issues that should have been raised, if at all, in the dismissed appeal.[2]

Accordingly, on the court's own motion we dismiss the appeal as one taken from a non-appealable, non-final order.

---

[2] Through our June 7, 2022 order, we directed Saul to show cause why this appeal should not be dismissed as an appeal of a non-final order. Saul responds that dismissal based on the abandonment of a prior appeal would improperly give preclusive effect to a dismissal without prejudice. We disagree. We emphasize that we find no preclusive effect or res judicata based on the dismissal of the appeal in 3D20-248. We agree with Saul that a dismissal without a mandate constituted under the circumstances present a dismissal without prejudice. However, the fact remains that Saul declined to prosecute that arguably timely appeal regarding the inclusion of the property at issue in the estate. This appeal, therefore, constitutes an impermissible attempt to appeal a later, non-appealable, non-final order in lieu of the arguably proper and timely appeal in 3D20-248.

3

Dismissed.